**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHUNDI LIU,<br><br>Plaintiff,<br><br>v.<br><br>FUZHOU YIQING TRADING CO., LTD. d/b/a ERSTICKT<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Chundi Liu hereby brings the present action against Fuzhou Yiqing Trading Co., Ltd. d/b/a ERSTICKT, as further identified below, and complains as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq*., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant structures its business activities to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce store operating under the seller aliases identified herein and any further aliases to be discovered. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and has sold products which infringe Plaintiff's Patent to residents of Illinois. Defendant has thus committed tortious acts in

Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

3. Alternatively, jurisdiction over Defendant is appropriate under the Federal Long Arm provisions of Fed. R. Civ. P. 4(k)(2). Specifically, as a foreign entity or entities with no known established domestic presence, Defendant has nebulous contacts with each of the United States. To the extent Defendant's contacts with the State of Illinois are insufficient to confer jurisdiction under the State's long-arm statute, jurisdiction would similarly fail in each other State. The exercise of jurisdiction over Defendants, however, is consistent with the Constitution and laws of the United States. In particular, Defendant seeks out the United States market through its online e-commerce activity and thus should expect to be hailed into the Courts of the United States when that activity gives rise to claims. Consequently, because Plaintiff's claims arise under federal law, personal jurisdiction is alternatively proper under Fed. R. Civ. P. 4(k)(2).

## II. PARTIES

4. Plaintiff, Chundi Liu is an individual residing in the People's Republic of China.

5. Plaintiff is the original inventor and lawful owner of all right, title, and interest in U.S. Patent No. D1,008,971 attached as **Exhibit 1** ("Plaintiff's Patent" or the "D'971 Patent"), including the right to sue for past damages. A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

6. Plaintiff's Patent was issued on December 26, 2023. *See* **Exhibit 1**.

7. Plaintiff's Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

8. In general, Plaintiff's Patent is directed toward an innovative ornamental design for a connector that is usable with fiber optic cables. As shown in, for example, Fig. 8 of Plaintiff's

Patent (copied below, with annotations), the claimed design includes a "uniboot" structure that connects to a single jacketed cable carrying two fiber cables that are then broken out into two separate contacts at the terminal end of the connector:




FIG. 8

9. Defendant Fuzhou Yiqing Trading Co., Ltd. is a Chinese business of unknown incorporation.

10. Defendant operates a fully interactive e-commerce store on the Amazon.com marketplace under the name ERSTICKT with Amazon Seller ID No. A22D7QW5QNYEDI. *See* https://www.amazon.com/sp?ie=UTF8&seller=A22D7QW5QNYEDI (last accessed 9/24/2026).

11. Defendant purports to have a place of business located at Unit A52, 4th Floor, Mall (Connecting Section between Buildings 1 & 4), Luzhuang Tingyuan No. 10 Liuqiao Lane Gulou District, Fuzhou City Fujian Province 350001 China based on a machine translation of the business address listed on its Amazon Seller Profile page. *Id.*

12. However, a search of that address on Baidu Maps[1] using the original Chinese language text returns a different company operating under the name "Gulou City Investment

[1] Baidu Maps is the most popular Chinese language map service and is thus considered a more reliable source of information for Chinese address than domestic search engines. However, searches conducted on through the Google Maps service similar result in no locations being found.

Foreign Trade Industrial Park" operating at that address. Similarly, a search of the machine translated English text returns no relevant information.

13. On information and belief, the address provided on the Amazon Seller Info page is either inaccurate, incomplete, or otherwise insufficient to find Defendant at a physical location.

14. Through its fully interactive e-commerce site operating on the Amazon.com marketplace, Defendant sells several variations of products that infringe upon Plaintiff's Patent.

15. Defendant sells various lengths of a cable with the title: "OM3/OM4 LC to LC Outdoor Armored Fiber Optic Patch Cable, Multimode Duplex 50/125µm, 10Gb/40Gb/100Gb, Industrial TPU Jacket, Direct Burial, Uniboot, MMF, OD 5mm, Pulling Eye Kit Installed." *See* https://www.amazon.com/dp/B0DSJ1VS3V/ (last accessed 9/24/2026). This product ("Infringing Product #1") is offered in lengths from 5 meters to 300 meters, each with a separate Amazon Standard Identification Number (ASIN) as shown in the following chart:

| Cable Length | ASIN |
|---|---|
| 5 Meters | B0DSJ1SBVD |
| 10 Meters | B0DSJ1XYYW |
| 15 Meters | B0DSJ33KYF |
| 20 Meters | B0DSHZ79P9 |
| 30 Meters | B0DSJ27GSM |
| 37 Meters | B0DSJ1G3JG |
| 50 Meters | B0DSHZ8VJN |
| 61 Meters | B0DSJ39N73 |
| 75 Meters | B0DSHXZSYK |
| 100 Meters | B0DSJ1VS3V |
| 150 Meters | B0DSJ2XV94 |
| 200 Meters | B0DSJ35ZDZ |
| 245 Meters | B0DSHYH2XQ |
| 300 Meters | B0DSJ1NV3C |

**Table 1** (List of ASINs for Infringing Product #1)

16. Each of the variations of Infringing Product #1 listed in Table 1 above includes two infringing connectors (one on each end of the cable) and differ from each other only in the length

of the cable provided. Defendant may sell additional variations of Infringing Product #1 (such as additional lengths, color variations, etc.) that have yet to be discovered and may additionally sell Infringing Product #1 through other marketplaces beyond Amazon.com. Consequently, the list of ASINs should not be considered exhaustive of all variations of Infringing Product #1.

17. Defendant also sells various lengths of a cable with the title: “LC to LC Armored Outdoor Fiber Optic Cable, Single Mode Duplex 9/125µm SMF Patch Cord, OS1/OS2 Compatible, Black LSZH Jacket, Uniboot Jumper for FTTH, Data Center, Long-Distance Use.” *See* https://www.amazon.com/dp/B0DSJ7LZKK/ (last accessed 9/21/2026). This product (“Infringing Product #2”) is offered in lengths from 1 meter to 1000 meters each with a separate Amazon Standard Identification Number (ASIN) as shown in the following chart:

| Cable Length | ASIN |
|---|---|
| 1 Meter | B0DSJBJ5Q2 |
| 2 Meter | B0DSJ9T262 |
| 3 Meter | B0DSJ7WWT3 |
| 5 Meters | B0DSJ939HQ |
| 10 Meters | B0DSJ9L7RX |
| 15 Meters | B0GTVGNG81 and B0DSJ7S7NK |
| 20 Meters | B0DSJ92XKJ |
| 30 Meters | B0DSJBFFWW |
| 37 Meters | B0DSJ78JBL |
| 50 Meters | B0DSJ6TWFG |
| 75 Meters | B0GTVCW58X |
| 100 Meters | B0DSJ7LZKK |
| 150 Meters | B0DSJ9XF9Z |
| 200 Meters | B0DSJ7TZ1N |
| 400 Meters | B0DSJB4JWX |
| 500 Meters | B0DSJC1QT3 |
| 610 Meters | B0DSJ8PGKY |
| 800 Meters | B0DSJ7WZGV |
| 1000 Meters | B0DSJ9V8VB |

**Table 2** (List of ASINs for Infringing Product #2)

18. Each of the variations of Infringing Product #2 listed in Table 2 above includes two infringing connectors (one on each end of the cable) and differ from each other only in the length of the cable provided. Defendant may sell additional variations of Infringing Product #2 (such as additional lengths, color variations, etc.) that have yet to be discovered and may additionally sell Infringing Product #2 through other marketplaces beyond Amazon.com. Consequently, the list of ASINs should not be considered exhaustive of all variations of Infringing Product #2.

19. Each Infringing Product, including Infringing Product #1 and Infringing Product #2, incorporates two connectors bearing a design that is substantially the same as the claimed design, and Defendant sells each such article of manufacture in the United States.

20. Tactics used by Defendant to conceal its identity and the full scope of its operation make it virtually impossible for Plaintiff to learn Defendant's true identity and the exact interworking of its infringing network (*i.e.*, whether Defendant operates in conjunction with other infringers, acts as a distributor for a larger infringer, manufactures products for infringers, etc.). In fact, from available information, it is not even clear whether Defendant is an entity unto itself or whether it is a d/b/a of another entity, a wholly owned subsidiary of another entity, or has some other relationship that might be relevant to the issues presented in this case. If Defendant provides additional credible information regarding its identity or demonstrates that the Amazon.com e-commerce store or ASINs described herein are owned or operated by other entities, Plaintiff will take appropriate steps to amend the Complaint as necessary.

## III. INTRODUCTION

21. Plaintiff filed this case to prevent Defendant's ongoing infringement of Plaintiff's Patent through continued sales and offers to sell infringing products including Infringing Product No. 1 and Infringing Product #2. Defendant has created e-commerce stores under one or more

Seller Aliases and then advertised, offered for sale, and sold Infringing Products to unknowing consumers.

22. Defendant takes advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendant attempts to avoid liability by operating under one or more Seller Aliases to conceal its identity, location, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendant's infringement of Plaintiff's patented invention and to protect consumers from purchasing Infringing Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

23. As outlined above, Defendant is selling at least two Infringing Products, each of which comes in various different lengths. To the extent there are differences between Infringing Product #1 and Infringing Product #2, they are insignificant for purposes of an infringement analysis. That is, both Infringing Product #1 and Infringing Product #2 (including all variants of each) include substantially the same infringing connector.

24. The following claim chart demonstrates how the Infringing Product infringe upon the D'971 Patent[2]:

---

[2] Infringing Product #1 images taken from a test purchase of a 5M cable sold under ASIN B0DSJ1SBVD and shipped to Schaumburg, Illinois. Infringing Product #2 images taken from a test purchase of a 1M cable sold under ASIN B0DSJBJ5Q2 and shipped to Schaumburg, Illinois. Both products shipped with protective end caps that are not intended to be part of the product and were removed prior to taking the images above.

| D'971 Patent | Infringing Product #1 | Infringing Product #2 |
|---|---|---|
|  FIG. 1 |  |  |
|  FIG. 2 |  |  |
|  FIG. 3 |  |  |

| D’971 Patent | Infringing Product #1 | Infringing Product #2 |
|---|---|---|
|  FIG. 4 |  |  |

| D'971 Patent | Infringing Product #1 | Infringing Product #2 |
|---|---|---|
|  FIG. 5 |  |  |
|  FIG. 6 |  |  |
|  FIG. 7 |  |  |

| **D’971 Patent** | **Infringing Product #1** | **Infringing Product #2** |
| --- | --- | --- |
|  FIG. 8 |  |  |

| D’971 Patent | Infringing Product #1 | Infringing Product #2 |
|---|---|---|
|  FIG. 9 |  |  |

25. As shown above, the accused designs, when viewed as a whole and in light of the overall visual impression created by the claimed ornamental features, are substantially the same as the claimed design such that an ordinary observer familiar with the relevant prior art would be deceived into believing that the accused design is the patented design.

26. In particular, the claimed design and the Infringing Product share numerous features that contribute to the overall visual impression such as an overall elongated connector configuration, similar shape and proportions of the connector bodies, and particular ornamental contours, surfaces, and transition regions. When viewed as a whole, these features contribute to an overall visual impression that is substantially similar to the claimed design.

27. Infringers such as Defendant typically operate under multiple seller aliases and payment accounts or create subsidiaries or related accounts that may be controlled by employees or other related users. Infringers take these steps so that they can continue operation despite

enforcement efforts. If one account or alias is shut down, the infringer simply continues operating under a different alias or account. E-commerce store operators like Defendant also maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

28. On information and belief, Defendant has knowingly and willfully applied the patented design, or a colorable imitation thereof, to Infringing Products and/or has manufactured, imported, distributed, offered for sale, and/or sold Infringing Products that incorporate the claimed design. Defendant, without any authorization or license from Plaintiff has thus knowingly and willfully infringed Plaintiff's Patent in connection with the use and/or manufacturing of Infringing Products and distribution, exporting/importing, offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet.

29. On information and belief, Defendant's infringement is willful. Plaintiff presently lacks access to information concerning Defendant's knowledge of the D'971 Patent and the circumstances surrounding Defendant's adoption and continued sale of the Infringing Products. Plaintiff expects discovery to establish the extent of Defendant's knowledge and the circumstances supporting enhanced damages.

30. Defendant's unauthorized use and/or manufacturing of the claimed design in Plaintiff's Patent in connection with the distribution, exporting/importing, offering for sale, and sale of Infringing Products, including the sale of Infringing Product #1 and Infringing Product #2 into the United States, including Illinois, is likely to cause, and has caused, erosion of Plaintiff's patent rights and is irreparably harming Plaintiff.

31. Defendant's Infringing Products incorporate connectors bearing a design that is substantially the same as the ornamental design claimed in the D'971 Patent. When the claimed design and the accused connector design are viewed as a whole, including their respective overall shape, configuration, proportions, contours, surfaces, and arrangement of ornamental features, the designs create substantially the same overall visual impression.

32. An ordinary observer familiar with the relevant prior art, giving the attention ordinarily given by a purchaser of the relevant products, would be deceived into believing that the accused connector design is the design claimed in the D'971 Patent. The similarities arise from the overall ornamental appearance of the claimed design and are not merely similarities in isolated functional features.

33. Defendant has applied the patented design, or a colorable imitation thereof, to articles of manufacture for the purpose of sale and has sold and offered for sale such articles in the United States, including through Amazon.com. Defendant's acts constitute infringement under 35 U.S.C. § 271(a) and subject Defendant to the remedies available under 35 U.S.C. §§ 283–289.

**COUNT I**
**PATENT INFRINGEMENT (15 U.S.C. § 271) – THE D'971 PATENT**

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. As shown, Defendant is knowingly and willfully manufacturing, importing, distributing, offering for sale, and/or selling infringing products.

36. Defendant has infringed and continues to infringe Plaintiff's Patent by making, using, importing, selling, and/or offering to sell the Infringing Products identified in Tables 1 and 2 in the United States without authorization or license from Plaintiff.

37. Specifically, Defendant has applied the patented design, or a colorable imitation thereof, to connectors incorporated into the Infringing Products for the purpose of sale and has sold and offered for sales such connectors and Infringing Products in the United States.

38. Pursuant to 35 U.S.C. § 289, Defendant is liable to Plaintiff to the full extent of Defendant's total profits, but not less than $250.

39. Additionally, Defendant may be selling the Infringing Products under other as-yet-unknown product IDs that will be identified after a reasonable opportunity to take discovery.

40. Defendant has profited from its infringement of Plaintiff's Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

41. In particular, unlike other bazaar-style online sellers, Defendant appears to specifically target the market for Plaintiff's patented design. Defendant's storefront on the Amazon.com marketplace lists a limited number of related product listings, including a product listing for Infringing Product #1, two product listings for Infringing Product #2, and related items for use with the Infringing Products including cleaners and adaptors. *See* https://www.amazon.com/s?me=A22D7QW5QNYEDI (last accessed 9/14/2026). In other words, Defendant has built its entire business structure (at least under the currently identified account) around infringing Plaintiff's Patent.

42. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting

from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.

43. On information and belief, Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

44. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing its infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including erosion of patent rights.

45. Plaintiff is entitled to recover all damages and remedies available under 35 U.S.C. §§ 283–289, including, as applicable, Defendant's total profits attributable to the infringement pursuant to 35 U.S.C. § 289 and damages pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, subject to the prohibition against double recovery.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe Plaintiff's Patent.

C. That Judgment be entered against Defendant finding that they have infringed upon Plaintiff's Patent.

D. That Judgment be entered against Defendant finding that infringement of Plaintiff's Patent has been willful.

E. That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

F. That Plaintiff be awarded treble damages under 35 U.S.C. § 284 of all applicable damages for Defendant's willful infringement of Plaintiff's Patent.

G. A finding that this case is exceptional under 35 U.S.C. § 285.

H. That Plaintiff be awarded Defendant's total profits attributable to the infringement pursuant to 35 U.S.C. § 289, together with such other damages and remedies as may be available under 35 U.S.C. §§ 283–285, without double recovery.

I. That Plaintiff be awarded its reasonable attorneys' fees and costs.

J. Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 24, 2026

Respectfully submitted,

/s/Benjamin A. Campbell
Edward L. Bishop
ebishop@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Brockton D. Ash
bash@bdl-iplaw.com
BISHOP & DIEHL, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.: (847) 969-9123
Fax: (630) 566-2949

*Counsel for Plaintiff*